**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| Bronwyn A. Hanaway, | § § | Case No. 25-11563-AMC |
| Debtor. | § § § § | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER REQUIRING THE RETURN OF FEES PAID TO DEBTOR'S COUNSEL AND CANCELLING ENGAGEMENT LETTER PURSUANT TO 11 U.S.C. § 329 AND BANKRUPTCY RULE 2017**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 329 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code") and rule 2017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requiring the return of all payments (the "Payments") received by Sharon S. Masters, Esquire ("Counsel") in contemplation of or in connection with the bankruptcy case of Bronwyn A. Hanaway (the "Debtor") as well as cancelling all agreements relating to such compensation (the "Engagement Letter").  In support of this Motion, the U.S. Trustee states as follows:

1

## JURISDICTION

1.  Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion. This Motion is filed pursuant to section 329 of the Bankruptcy Code and Bankruptcy Rule 2017.

2.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *Id.* Examination of the Payments and Engagement Letter impacts upon the integrity of cases arising under the Bankruptcy Code.

3.  The Court's duty of oversight of fee matters embraces a broad supervisory power over any fees charged by attorneys in contemplation of, or in connection with, a bankruptcy case. *See e.g., In re Fleet*, 95 B.R. 319, 338 (E.D. Pa. 1989).

4. The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND

5. On April 23, 2025, the Debtor filed an individual voluntary petition (*Docket No. 1*) (the "Petition") for relief under chapter 7 of the Bankruptcy Code, which initiated the above-captioned case.

6. On May 7, 2025, Counsel filed a Motion to Extend the Time to File the Schedules and Other Documents. The motion was bereft of any meaningful disclosure of why the schedules and statements could not be filed timely and did not indicate that sufficient time was devoted to the essential task of reviewing the case file and financial information with the Debtor prior to filing. *See Motion at Docket No. 12*, ¶ (stating simply that "[t]he case was filed in an expedited manner without schedules and other documents due to collection activity. Debtor's attorney has been unable to complete and file the schedules and other documents due to circumstances beyond her control.").

7. On May 26, 2025, Counsel filed Schedules A/B – J, Statement of Financial Affairs. Disclosure of Compensation, and Means Test forms. *See Docket Nos. 16, 17, 18 and 19.*

8. Debtor's Original Schedule A/B states the debtor owns real property in Chester County, PA valued at $182,160. On July 17, 2025 (i.e., approximately 2-

3

months later), the Debtor filed an Amended Schedule A/B listing the same property with a value of $361,000. *See Docket No. 43.* There is no reason provided for the inaccurate valuation in the initial filing or the substantial delay in amending.

9. Counsel filed her Disclosure of Compensation stating counsel agreed to accept $1,000 to represent the Debtor in her case, that counsel was paid $1,000 by the Debtor prior to the Petition Date, and that there is no balance due. *See Docket No. 18.*

10. On June 4, 2025, the Debtor filed a motion to convert to chapter 13, stating that Chapter 13 is in Debtor's best interest and that the Debtor satisfies the requirements to be a debtor under Chapter 13. *See Docket No. 22.*

11. On June 12, 2025, the chapter 7 trustee filed an objection to the motion to convert, stating the Debtor substantially undervalued the fair market value of property listed on Schedule A/B, and that the sale of the property would result in a meaningful distribution to creditors. *See Docket 27.*

12. On September 4, 2025, over strenuous argument on behalf of the Debtor that a Chapter 7 case was not in her best interest and that she should be permitted to convert, the Court denied the motion to convert and required the Debtor to stay in the unwanted chapter 7. *See Docket No. 57.*

## **REQUEST FOR RELIEF**

13. Through this Motion, the U.S Trustee seeks entry of an order requiring the return of all Payments received by Counsel in contemplation of or in connection

4

with the bankruptcy case of the Debtors, as well as cancelation of the Engagement Letter.

14. Bankruptcy Code section 329 of the Bankruptcy Code allows a bankruptcy court to examine compensation arrangements between debtors and their attorneys. Pursuant to Bankruptcy Code section 329(b), the Court can examine the amount paid to counsel and, to the extent the amount paid exceeds the reasonable value of the services rendered, cancel any agreement between the debtor and her attorney and order the return of any excessive payment. *See* 11 U.S.C. § 329(b); *In re Aquilino*, 2025 U.S. App. LEXIS 9758 at *14* (3d Cir. Apr. 24, 2025) (Remedies for violations of Bankruptcy Code section 329 include the return of fees collected and cancellation of fee agreements for bankruptcy-related services).

15. Pursuant to Rule 2017 of the Federal Rules of Bankruptcy Procedure, the Court, "after notice and a hearing may determine whether the debtor's payment or transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a [bankruptcy] petition" "to an attorney for services rendered or to be rendered is excessive." Fed. R. Bankr. P. 2017.

16. Factors relevant to a "reasonableness" determination are listed in 11 U.S.C. § 330(a)(3) and include whether services are beneficial to the completion of a debtor's case, whether services are performed within a reasonable amount of time and whether the individual paid is experienced in the bankruptcy field. *See* 11 U.S.C. §§ 330(a)(3)(C)-(D), (F); *Law Center PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir. 2001) (In assessing the reasonable value of the services

5

rendered by an attorney to a debtor, the Court should consider the same criteria set forth for determining the proper amount of compensation for estate professionals under § 330(a)).

17. One of the important purposes of Bankruptcy Code section 329 is to ensure that attorneys provide competent representation to debtors. *In re Dean*, 401 B.R. 917, 923 (Bankr. D. Idaho 2008). If a bankruptcy court finds that an attorney fails to competently perform his or her duties, an order requiring the attorney to return fees pursuant to Bankruptcy Code section 329(b) is proper. *Id.* "In other words, in considering the 'value' of the services provided to a debtor by an attorney, the court must consider the quality, not just the quantity, of those services." *Id.*

18. The burden of proof rests with the attorney to establish that the fees are reasonable in matters involving challenges to attorney fees under Bankruptcy Code section 329. *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998); *see also In re Smith-Freeman*, 2024 Bankr. LEXIS 166, at *26-27 (Bankr. W.D. Pa. Jan. 24, 2024) ("Bankruptcy courts in the Third Circuit have long held that '[i]t is not unreasonable to require an attorney seeking compensation to enlighten the court about the nature of his toil and the relation it bears to the case.' *In re Busy Beaver Bldg. Centers, Inc.*, 133 B.R. 753 (Bankr. W.D. Pa. 1991) (citing *In re Horn & Hardart Baking Co.*, 30 B.R. 938, 944 (Bankr. E.D. Pa. 1983)), subsequently vacated on other grounds 19 F.3d 833 (3d Cir. 1994). *See also In re: Badyrka*, 2022 Bankr. LEXIS 2712 (Bankr. M.D. Pa. Sept. 30, 2022). Consistent with the longstanding custom in this Circuit, [debtor's counsel] therefore must provide sufficient evidence

to preponderantly show the amount of his fee (and his fee arrangement) is reasonable.'").

19. Here, the quality of services provided and end result obtained demonstrate that Counsel cannot carry her burden of demonstrating that fees received are reasonable and thus the Court can cancel the Engagement Letter and require the return of the Payments pursuant to Bankruptcy Code section 329(b) and Bankruptcy Rule 2017.

20. Prior to filing a bankruptcy case, counsel must ensure that a debtor is properly advised on his/her obligations and rights in bankruptcy. The consultation that an attorney provides prior to the debtor's decision to file must include a critical analysis of the debtor's assets and liabilities and the corresponding obligation to file complete and accurate schedules of assets and liabilities and statement of financial affairs. *See e.g., In re Gartei, Bankr. No. 22-11355ELF (Judge Frank) (slip opinion attached)* ("[P]erhaps the most critical work performed by debtor's counsel in a chapter 7 case is the gathering and evaluation of sufficient information to ensure the propriety of the filing, both from a good faith and tactical perspective. This requires a review of a debtor's assets, debts and financial history, sufficient for counsel to form make an informed judgment call regarding the possible existence of non-exempt property, nondischargeable debts, potentially avoidable transfers and income levels that may render the filing in bad faith within the meaning of 11 U.S.C. §707(b).").

21. Here, there is no indication that the critical work was performed. To the contrary, the Debtor valued real property listed on Schedule A/B significantly below fair market value, while the information was readily available from a number of free internet sources including Zillow.com and Redfin.com. This information could have quickly been examined by counsel prior to filing the case. The failure to perform that due diligence in preparation of the case resulted in the current situation in which the Debtor is caught in what is tantamount to an involuntary chapter 7 filing rather than what counsel has asserted is in the Debtor's best interest (*i.e.*, a chapter 13). Performance of the required case preparation prior to filing would have avoided this scenario. The failure to do so has resulted in the Debtor not obtaining a reasonable benefit in return for the payment of the fees collected.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: September 9, 2025            Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
United States Department of Justice
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (202) 934-4154
John.Schanne@usdoj.gov