IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BRONWYN HANAWAY, | CHAPTER 7 |
| DEBTOR | |
| | NO. 25-11563 |

| | |
|---|---|
| BRONWYN HANAWAY | : |
| Debtor/Movant | : |
| V. | : |
| CHRISTINE SHUBERT, | : |
| Trustee/Respondent | : |

**MOTION FOR STAY OF SEPTEMBER 3, 2025 ORDER DENYING
MOTION TO CONVERT CASE TO CHAPTER 13**

Debtor, Bronwyn Hanaway, by her counsel, Sharon S. Masters, Esquire, hereby moves this Honorable Court pursuant to FRBP 8005 to grant a stay of its September 3, 2025 Order denying Debtor's Motion to Convert Case to Chapter 13, and in support thereof avers as follows.

Pursuant to FRCP 8005, "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

1

The September 3, 2025 Order denying Debtor's Motion to Convert Case to Chapter 13 is highly prejudicial to Debtor but has minimal impact on the Chapter 7 Trustee or the administration of the bankruptcy estate. To date, Debtor has attended with counsel the 341 Meeting of Creditors, has complied with the Chapter 7 Trustee's request to arrange for the Trustee's designated realtor to evaluate Debtor's property for sale. Without a stay of the September 3 Order pending appeal to District Court, Debtor's home could be sold resulting in irreversible harm to her. Debtor believes and therefore avers, that there are substantial grounds for the District Court to modify or reverse the September 3 Order on appeal.

Pursuant to 11 U.S.C. § 706(a), a debtor "may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been previously converted." The Supreme Court has held that this right is broad but may be denied if the debtor has engaged in bad faith or is otherwise ineligible for Chapter 13 relief. *See Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 373 (2007); *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996); *In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007). Courts in the Eastern District of Pennsylvania and elsewhere routinely reject arguments that equity alone justifies denying conversion. *See In re Cooper*, 592 B.R. at 524–25; *In re Krishnaya*, 263 B.R. 63 (Bankr. S.D.N.Y. 2001).

The analysis for conversion of a Chapter 7 case to one under Chapter 13 requires an inquiry into several factors:

    (a)    whether the debtor is seeking to convert to chapter 13 in good faith (including a review of facts such as the timing of the motion to convert; the debtor's motive in filing the motion; and whether the debtor has been forthcoming with the bankruptcy court and creditors);

    (b)    whether the debtor can propose a confirmable chapter 13 plan;

    (c)    the impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

      (d)      the effect of conversion on the efficient administration of the bankruptcy estate; and

      (e)      whether conversion would further an abuse of the bankruptcy process.

*In re Lilley*, 91 F.3d 491 (3d Cir. 1996).

At the September 3, 2025 hearing on Debtor's Motion to Convert, the Court did not apply this analysis; in fact, it did not hear any evidence from the Debtor despite her presence at the telephonic hearing and permitted Debtor's counsel to speak only with great reluctance, as the transcript will show. This is reversible error, and an appeal has been filed with the District Court. The analysis set forth in *In re Lilley*, *supra*, weighs heavily in Debtor's favor, although the Court completely ignored it.

### 1. Chapter 7 Trustee Did Not Demonstrate Bad Faith

This case has not previously been converted. The right to convert is not contingent on the Trustee's opinion of what best serves the estate; it is contingent on the debtor's good faith and statutory eligibility. As the Third Circuit has observed, "conversion under § 706(a) is generally permitted unless bad faith is demonstrated." *In re Cooper*, 592 B.R. 511, 523 (Bankr. E.D. Pa. 2018). The case was filed under Chapter 7 due to Debtor's and counsel's inadvertent use of an outdated valuation of the real estate in the amount of $182,162.00. Upon discovery of this error, Debtor's counsel supplied correct valuation information to the Trustee and then filed a motion to convert the case to Chapter 13.

The motion to convert was filed immediately upon realizing the valuation had not been updated; Debtor's motive in seeking to convert the case to a Chapter 13 is to keep her home while paying arrears on secured debt and paying allowed unsecured claims in full over a five-year plan; Debtor has been forthcoming with the bankruptcy court and creditors, and errors made by Debtor and Debtor's counsel were corrected as soon as discovered.

Debtor and counsel did not attend the first scheduled Meeting of Creditors, but counsel notified the Chapter 7 trustee of this circumstance and advised the trustee a motion to convert was being filed; in

3

response to trustee's question about payment of unsecured creditors, Debtor's counsel assured her the Chapter 13 plan would propose 100% distribution to unsecured creditors.

The Court erroneously failed to take these factors into consideration and would have summarily denied the Motion to Convert without any opportunity for Debtor's counsel to speak. Counsel had to insist in putting a statement on the record, but the Court did not consider any evidence or argument in rebuttal to the Trustee's objection, despite that Debtor's counsel had submitted a brief in opposition to the Trustee's objection well in advance of the hearing.

No evidence of bad faith exists in this case. Debtor has made full disclosures, cooperated with the Trustee and seeks to repay creditors under a plan. Debtor's counsel's inadvertent use of non-current valuation information was her error, which was corrected immediately upon discovery. Such conduct is consistent with the goals of Chapter 13, not indicative of abuse.

Debtor's counsel has been practicing before this Court for over 35 years. Statements by the Court that she would intentionally act in bad faith by filing this case as a Chapter 7 in order to mislead the Chapter 7 trustee or the Court are frankly insulting and unwarranted.

2. **Debtor Can Propose a Feasible Chapter 13 Plan.**

The Court erroneously failed to address this second prong of the *Lewis* test for conversion of case from Chapter 7 to Chapter 13. Arrears on secured claims are $4,334.36 for the first mortgage and $131.35 for the second mortgage. At the time of the hearing, proofs of claim for general unsecured debt had been filed totaling $17,613.66, all owed to Citadel Federal Credit Union. Additional proofs of claim have been filed since the hearing on September 3, 2025. Debtor has sufficient income to propose a feasible Chapter 13 Plan. In the originally-filed schedules, Debtor's counsel listed Debtor's income as if her paychecks were issued bi-weekly, when in fact they are issued weekly. When counsel realized this, she amended schedules I and J accordingly. Additionally, Debtor's vehicle payment of $268.00 will be

completed during the course of the Chapter 13 plan, providing additional disposable income to fund the plan.

### 3. Conversion of the Case to Chapter 13 Will Not Prejudice Unsecured Creditors.

Since Debtor has sufficient disposable income to propose and complete a feasible Chapter 13 Plan with 100% payment to general unsecured creditors, these creditors cannot be prejudiced by the conversion. The only person disadvantaged by the conversion would be the Chapter 7 Trustee personally, since she would not receive a commission from the sale of Debtor's property. When this argument was attempted to be raised by Debtor's counsel at the September 3, 2025 hearing, the Court stated that that receiving a commission was proper motivation for the trustee objecting to conversion of the case. This is reversible error.

### 4. Converting the Case to a Chapter 13 Will Have Little or No Effect on the Efficient Administration of the Bankruptcy Estate.

This prong of the Lewis test also was not addressed by the bankruptcy court. The only difference on administration is whether the case will be administered by the Chapter 7 or Chapter 13 trustee.

### 5. Conversion Will Not Further Abuse of Bankruptcy Process.

As stated above, there was never abuse of the bankruptcy process by Debtor or Debtor's counsel. The valuation was reported in error, promptly corrected, and a motion to convert case to Chapter 13 filed. Debtor has sufficient disposable income to propose a feasible Chapter 13 plan. Chapter 13 is designed to help debtors repay creditors over time using future earnings, rather than immediate liquidation. *See Harris v. Viegelahn*, 575 U.S. 510, 514 (2015). Denying conversion here would prevent the Debtor from proposing a feasible plan to pay creditors in full from future income. That result is contrary to both congressional intent and binding authority. It is the denial of the Motion to Convert by the Court with no legal analysis to support it that is a subversion of the bankruptcy process, not Debtor's motion to convert.

.

With all due respect, this Court did not perform the analysis required by *Lewis* to determine whether the case must be prevented from conversion to Chapter 13.  Debtor strongly believes that when the District Court applies that analysis, it will reverse the September 3, 2025 Order and permit conversion of the case.  In the meantime, Debtor must be protected from the trustee's aggressive efforts to sell her home before the appellate court can hear the appeal.

                                  Respectfully submitted,

                                  */s/ Sharon S Masters*

Sharon S. Masters, Esquire
132 Overleaf Drive
Thorndale, PA  19372
(610) 322-5277
shmasters@hotmail.com
Attorney for Debtor Bronwyn Hanaway

Dated: 9/22/2025

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: BRONWYN HANAWAY                    CHAPTER 7

                                                                        NO. 25-11563

    DEBTOR

---

BRONWYN HANAWAY

    Debtor/Movant.

              v.

CHRISTINE SHUBERT

    Trustee/Respondent.

                                  ORDER

AND NOW, this day of _____, 2025 ,it is hereby ORDERED that pursuant to FRBP 8005 for a stay of the order dated September 3, 2025, denying Debtor's Motion to Convert to Chapter 13, the Motion is hereby GRANTED. Respondent Christine Shubert, Chapter 7 Trustee is stayed from proceeding with any actions in the Chapter 7 bankruptcy case, including but not limited to, actions in furtherance of the sale of Debtor's real estate pending hearing, determination, and further order of the district court.

                                                      _____
                                                      ASHELEY . CHAN, CHIEF JUDGE
                                                      UNITED STATES BANKRUPTCY COURT